1
2
3
4
5
6
7

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

8
9
10
11
12

**LAW OFFICES OF DOUGLAS J. CAMPION**
DOUGLAS J. CAMPION, ESQ. (SBN 75381)
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

13

*Attorneys for Plaintiff and the Proposed Class*

14
15
16

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

17
18
19
20
21
22
23
24

| | |
|---|---|
| TRACY MAIER, on behalf of herself, all others similarly situated and the general public,<br><br>            Plaintiff,<br>v.<br><br>BLOOMIN' BRANDS, INC. doing business as Outback Steakhouse, a Delaware Corporation,<br><br>          Defendant. | Case No.:   **'13CV0136 MMAWMC**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.***<br><br>DEMAND FOR JURY TRIAL |

25
26
27
28

1

# INTRODUCTION

1.       Tracy Maier ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Bloomin' Brands, Inc. ("Defendant"), in negligently, and/or willfully contacting Plaintiff through SMS or "text" messages on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

# JURISDICTION AND VENUE

2.       Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, and exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A).    Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.       Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant, a Delaware corporation, is, and at all times herein mentioned was, doing business in the County of San Diego, State of California.

/ / /

/ / /

/ / /

## PARTIES

4.    Plaintiff Tracy Maier is, and at all times mentioned herein was, a citizen and resident of the State of Pennsylvania.   She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a Delaware corporation, and a "person," as defined by 47 U.S.C. § 153 (32).

6.    On information and belief, Defendant Bloomin' Brands, Inc. maintains corporate offices in Newport Beach, California and Tampa, Florida.

7.    Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California, in the County of San Diego, and within this judicial district.   Defendant owns and operates the restaurant chain Outback Steakhouse.

## FACTUAL ALLEGATIONS

8.    One of the newest types of bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

9.    An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

*Maier v. Bloomin' Brands, Inc.*
CLASS ACTION COMPLAINT

10.     Unlike more conventional advertisements, such text messages actually costs its recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive or incur an usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

11.     Over the course of an extended period beginning no later than in 2012, Defendant and its agents directed the mass transmission of text messages to the cell phones nationwide of what they hoped were potential customers of Defendant's restaurant Outback Steakhouse.

12.     In or around 2012, Plaintiff Tracey Maier received unsolicited SMS or "text" messages to her wireless phone, for which Plaintiff provided no consent to receive the text messages.

13.     During that time period, Plaintiff Tracy Maier received various text messages from Defendant advertising and soliciting Outback Steakhouse.

14.     Specifically, on July 8, 2012, Plaintiff received the following text message from the SMS 274-38:

"Outback: Thanks to Ryan

Newman's 5th place finish,

you get a FREE Bloomin'

Onion with any purchase

tmrw 7/9 just mention

Ryan Newman.  Reply

STOP to end."

15.     In addition, on October 11, 2012, Plaintiff received the following text message from the SMS 274-38:

"Outback: Come in every

Thurs thru 11/8 & get a

FREE 1/2 order of Wings

with any purchase.  Just

mention Wing It:

http://outback.com/WingIt."

16.     These unsolicited text messages placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) which had the capacity to produce or store and dial numbers randomly or sequentially, to place telephone calls and / or SMS or text messages to Plaintiff's cellular telephone.

17.     The telephone number that the Defendant, or its agents, called and/ or sent the text message to was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls or text messages pursuant to 47 U.S.C. § 227 (b)(1).

18.     These telephone text messages constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

19.     Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

20.     These telephone confirmatory text messages by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

21.     These text messages were telephone "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22.     These text messages by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

/ / /

/ / /

/ / /

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

24.     Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited SMS or text messages from Defendant or its agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for which they were charged for the SMS or text message, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice,   which SMS or text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

25.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited SMS or text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

27.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

29.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

> a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed cellular telephone SMS or text messages without the recipients' prior express consent  (other than a SMS or text message  made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing to any telephone number assigned to a cellular telephone service;
>
> b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
>
> c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

30.    As a person that received at least one unsolicited telephone SMS or text message without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and

7

protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

31.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

32.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

33.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.   Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

*Maier v. Bloomin' Brands, Inc.*
CLASS ACTION COMPLAINT

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These text messages were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

37.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

/ / /

/ / /

*Maier v. Bloomin' Brands, Inc.*
CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

40.     Plaintiff incorporates by reference the above paragraphs 1 through 34 inclusive, of this Complaint as though fully stated herein.

41.     Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.  These text messages were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class to receive such text messages.

42.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and /or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43.     As a result of Defendant's knowing and /or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

/ / /

10

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

45.     As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46.     Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

47.     Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL**

**VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

48.     As a result of Defendant's, and Defendant's agents', willful and /or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.     Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:        January 16, 2013          */s/ Ronald A. Marron*
                                                   By: Ronald A. Marron
                                                   **LAW OFFICES OF RONALD A.**
                                                   **MARRON, APLC**
                                                   RONALD A. MARRON

SKYE RESENDES
ALEXIS WOOD
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICES OF DOUGLAS J. CAMPION**
DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
*doug@djampion.com*
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

***Attorneys for Plaintiff and the Proposed Class***

*Maier v. Bloomin' Brands, Inc.*
CLASS ACTION COMPLAINT